815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orbain OWENS, Plaintiff-Appellee,
v.
Billy L. TALLY, Charles C. Williams, and D.L. Walker,
Defendants-Appellants.
 No. 86-5090.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1987.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a civil rights action in which, after a trial to the court, the defendants, officers at the Shelby County Jail in Tennessee, were found to have physically abused the plaintiff, a prisoner incarcerated in that jail. On appeal the defendants contend that the judgment was clearly erroneous, that the district court improperly shifted the burden of proof and gave the plaintiff excessive assistance in conducting his own case, and that the complaint should not have been amended to add a prayer for damages. We shall affirm the judgment of the district court.
 
 
 2
 The plaintiff, Orbain Owens, testified that on the morning of May 5, 1982, after he had been involved in an altercation with another inmate, Officers Talley, Williams, and Walker removed him from his cell and physically assaulted him. Officer Talley allegedly initiated the attack, with Officers Williams and Walker then joining him. The plaintiff, proceeding pro se, presented several inmate witnesses, none of whom testified to having seen the incident. One inmate testified that the plaintiff had no marks on his face when he was removed from his cell on the date of the alleged beating, but that one of his eyes and one of his lips were swollen when he was returned to his cell the following morning. Another inmate testified to an encounter between the plaintiff and Officer Talley at a later date, when both prisoners were awaiting court appearances. The witness testified that the plaintiff told him how Officer Talley had assaulted him, whereupon Officer Talley appeared and exchanged words with the plaintiff. The witness heard Officer Talley say "I'd do it again," and the plaintiff maintained that Officer Talley was referring to the beating.
 
 
 3
 The defendants denied having assaulted the plaintiff. Officer Williams stated that because he was scheduled to work at a church convention on May 5-14, he would not have been present at the jail at any time on May 5. Officer Booker testified that he recalled an incident involving the plaintiff sometime in May of 1982, however, and said that Officer Williams was present at the jail that day and ordered Officer Booker to call the Captain.
 
 
 4
 Immediately prior to closing arguments, the court permitted the plaintiff to amend his complaint to include a prayer for damages in the amount of $25,000; until then the complaint had requested only injunctive relief. Judgment was entered in favor of Officer Warren, and the plaintiff has not appealed from that judgment. Defendants Talley, Williams, and Walker were found to have participated in physical abuse of the plaintiff, and the court awarded the plaintiff damages of $1,000 for pain and suffering. No damages were awarded for permanent injury, loss of employment, or any other alleged injury.
 
 
 5
 The defendants claim that the judgment is clearly erroneous because the plaintiff's testimony was not credible. It is well established, however, that credibility determinations made by the trier of fact may not ordinarily be upset by an appellate court. 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil Sec. 2586 (1971). The trial judge gave plausible reasons for his credibility determinations, and we are not inclined to disturb them.
 
 
 6
 Second, the defendants contend that the district court displayed partialility toward the plaintiff and assisted him to an impermissible degree. Several incidents during trial are mentioned, only one of which merits discussion here. Although the complaint alleged the beating occurred on May 5, 1982, the trial judge stated at one point during the trial that "obviously the complaint has the wrong date or this whole incident never happened." The judge suggested that the incident could have occurred on May 3 or 4, and that no one was certain about the date.
 
 
 7
 A reasonable trier of fact could have found that the incident occurred on a date other than May 5. If the complaint had been drafted by an attorney, it might well have asserted that the incident occurred "on or about May 5," but the complaint was drafted by the plaintiff without counsel. The plaintiff testified at trial that he could have the wrong date, and there was no evidence to prove that the incident could not have occurred on May 3 or 4 if the plaintiff's testimony was accepted otherwise.
 
 
 8
 With regard to the other asserted evidence of partiality and improper assistance, the district court seems merely to have been attempting to minimize any waste of judicial time and to keep the plaintiff from wandering into irrelevant or improper questioning. An observation made in Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir.), cert. denied, 352 U.S. 892 (1956), is pertinent here:
 
 
 9
 "The trial judge in the federal court is more than a mere arbitrator to rule upon objections and to instruct the jury. It is his function to conduct the trial in an orderly way with a view to eliciting the truth and to attaining justice between the parties. It is his duty to see that the issues are not obscured and that the testimony is not misunderstood. He has the right to interrogate witnesses for this purpose."
 
 
 10
 Although extensive questioning of witnesses by the trial judge should usually be avoided, judicial intervention may be called for when the attorneys are unsuccessful in making the facts clear or where counsel is not capable of adequately dealing with a difficult witness. .United States v. Hickman, 592 F.2d 931, 933 (6th Cir. 1979). We cannot say that the trial judge acted improperly in this case, either in questioning witnesses or in keeping the plaintiff's questioning pointed in the right direction.
 
 
 11
 Third, the defendants contend that it was error for the court to award damages where the complaint included no prayer for damages until amended near the close of trial. This contention fails for two reasons. First, Rule 54(c), Fed. R. Civ. Proc., provides that, except as to default judgments, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Second, Rule 15(b) provides that pleadings may be amended to conform to the proof at trial where, upon "the express or implied consent of the parties," the issue actually is tried. Here the plaintiff requested damages at the beginning of the trial, and defense counsel remained silent. There was evidence of injury compensible in damages, and amendment of the complaint was proper.
 
 
 12
 Finally, we find no merit in the contention of the defendants that the district court improperly shifted the burden of proof to them. The statements of the court to which the defendants point in this connection do not compel the interpretation the defendants would have us place on them.
 
 
 13
 The district court's judgment is AFFIRMED.
 
 
 14
 KRUPANSKY, Circuit Judge, dissenting.
 
 
 15
 I cannot agree with the majority's decision to affirm the district court's judgment in this case, and I must, therefore, respectfully dissent. The plaintiff, Orbain Owens (Owens), commenced this action against Officers Billy Talley (Talley), Charles C. Williams (Williams), and D.O. Walker (Walker), alleging that on May 5, 1982, while inearcerated in the Shelby County, Tennessee jail, he was attacked and beaten by these officers. Throughout the course of the trial, Owens maintained that the alleged altercation occurred on May 5. He testified that, other than the time of day when the incident took place, he was certain of the facts as alleged in his complaint.
 
 
 16
 It was undisputed that Williams and Walker were not on duty on May 5, 1982. The trial judge commented that "obviously the complaint has the wrong date, or this whole incident never happened." Owens' response to this uncontradicted testimony was an emphatic reaffirmance of the date of the incident and insistence that the witnesses were lying.[1] Owens suggested that the officers had twin brothers. Owens continued his insistence that the alleged beating occurred on May 5, 1982 throughout his closing argument, during which he stated:
 
 
 17
 Your Honor, I even stated under oath that Officer Talley, he was an officer at the time, now he's a sergeant, Sgt. Talley, Sgt. D.O. Walker, Officer Chuck Williams and Officer Warren--which I haven't seen Officer Warren to this date-Officer Warren jumped me previously in June and this assault on this particular date May 5th these three officers did and wilfully and deliberately assault me and refused to give me medical attention.
 
 
 18
 (emphasis added). In light of Owen's repeated assertion that the attack occurred on May 5, 1982, the district court's factually unsupported finding that it occurred on another day is clearly erroneous.
 
 
 19
 Furthermore, I cannot agree that the officers in this case were not prejudiced by the trial judge's conduct of the trial. While "[t]he trial judge does not sit as a passive observer who functions solely when called upon by the parties... ," Gonzalez v. Volvo of Am. Corp. 734 F.2d 1221, 1225 (7th Cir. 1984), he should not, assume the role of an advocate. Warner v. Transamerica Ins. Co., 739 F.2d 1347, 1351 (8h Cir. 1984). The judge in this case interrogated witnesses at length on Owen's behalf and sua sponte amended Owens' complaint to include a prayer for monetary damages despite Owens' declaration that he was not seeking monetary damages. The judge openly criticized the officer's' defense counsel in this case for not filing a more comprehensive answer or conducting discovery to aid Owens in the preparation of his cause. There is no responsibility imposed upon adversary counsel to conduct discovery for the sole purpose of aiding his adversary in the preparation of his case. Owens claimed that the incident occurred on May 5, 1982, and two of the officers had absolute, irrebuttable proof that they were not at the jail on that date. Conducting discovery would have only increased their legal fees for what was, on its face, an unfounded complaint. The trial judge in this case inexcusably exceeded all bounds of propriety in his intervention in the trial on Owens' behalf. For the foregoing reasons, I would reverse the judgment and remand the case for retrial before a newly designated judge.
 
 
 
 [1]
 Chief Jail Administrator Irvin B. Freeman testified that department records indicated that neither Williams nor Walker were present on May 5 and that Williams was assigned to security at a church convention. On cross-examination, Owens and Freeman engaged in the following colloquy:
 [Owens]: Now I see you are Chief, and you said Officer Williams was with you, he was doing some churck [sic] work, is that correct?
 [Freeman]: That's correct, on May 5th.
 [Owens]: It is very obvious one of us is telling a lie. In cross-examining Williams, Owveris asked the following questions:
 [Owens]: Officer Churck [sie] Williams, are you a religious person?
 (Williams]: I certainly am.
 [Owens]: Have you ever told a lie before?
 * * *
 [Owens]: Have you ever lied before?
 The same line of questioning was pursued in Owens' cross-examination of Walker:
 [Owens]: Officer Walker, I'm going to ask you and this is my last question, Officer Walker, do you know the difference between telling a lie and telling the truth?
 Owens continued in his closing argument:
 [Owens]: Officer Chuck Williams stated he was working at the CME convention, some kind of church organization. These men have no respect for God. Any time a man would put a church in between something he know he is guilty for he have to moral standing, he's a liar. I mean he is just a disgrace of what he is supposed to represent.